# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| NAU HOLDINGS, LLC and, ) <br> HORNY TOAD ACTIVEWEAR, INC. ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DLORAH, INC., ) <br> ) <br>     Defendant. ) | <br><br><br><br><br>Civil Action No.:  1:08-cv-02743-CMA<br><br><br><br>Judge Christine M. Arguello<br>Magistrate Judge Boyd N. Boland |

_____

## STIPULATED PROTECTIVE ORDER
_____

It appearing that certain information of the parties subject to discovery in this action may be claimed to be confidential, including, by way of example and not limitation, financial, marketing, sales, manufacturing, technical, licensing, research and development, and other commercial information:

Now, therefore, in the interest of expediting discovery and permitting the same to proceed without delay occasioned by possible disputes regarding such claims of confidential information, the parties have agreed to provide access to and to accept such information, subject to certain protective provisions hereinafter set forth.

**IT IS ORDERED:**

~~IT IS HEREBY STIPULATED by the attorneys for the parties, subject to the approval of the Court, that:~~

    I.       This Stipulated Protective Order shall apply to all information subject to discovery in this action, including without limitation, testimony aduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to Interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36.

II. The parties recognize that, as to information that will be produced in the course of this litigation, several different categories exist, with varying degrees of sensitivity with respect to proprietary information of the parties. For purposes of this Order, such categories can be generally stated as follows:

A. Information not subject to this Protective Order. A party may produce information outside the scope of this Protective Order for which it does not assert any sensitivity with respect to future dissemination. Such documents so produced will bear no stamp identifying them as subject to this Protective Order, and the party receiving such documents is not in any way restricted in their future dissemination.

B. Confidential Information. A party may designate as "Confidential Information" any information that it in good faith reasonably believes contains or reflects trade secrets or other confidential research, development, or commercial information. Documents stamped "CONFIDENTIAL INFORMATION" or with an equivalent statement will be treated as proprietary and shall be utilized by the party receiving such documents for no other purpose than in connection with this litigation. Except as required in the conduct of proceedings in this action, "Confidential Information" will not be disclosed by outside counsel to any person other than:

(1) two designated employees of each party hereto, to the extent such disclosure is reasonably necessary to understand the merits of claims or defenses in this action, with the conditions that (a) such individuals agree to and sign the Secrecy Agreement attached hereto as Attachment A and (b) the identity of such individuals is disclosed to the other parties;

(2) independent experts or consultants engaged in the preparation and prosecution of a party's claims or defenses in this action, with the condition that

such experts and consultants agree to and sign the Secrecy Agreement attached hereto as Attachment A (but their identities need not be disclosed to the other parties except as required by the Federal Rules of Civil Procedure);

(3) outside counsel and the necessary secretarial and clerical personnel of such persons, who will be informed of this Protective Order and orally agree to its provisions.

(4) the Court and its employees;

(5) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

(6) other persons by written agreement of the parties.

Information so designated will be used only for the purpose of preparing and conducting this litigation and will not be used by or on behalf of any party or person to whom it is disclosed for any other purpose.

C. Attorneys' Eyes Only Information. It is recognized by the parties that certain information may require special handling in addition to that set forth above. A party may designate as "Attorneys' Eyes Only" any information that it in good faith reasonably believes contains "Confidential Information" of a particularly sensitive nature, such that disclosure to anyone but the below persons would create a substantial risk of injury that cannot be avoided by less restrictive means. It is the intent of the parties that the "Attorneys' Eyes Only" designation will be minimally used and an effort will be made to limit its use. Documents containing "Attorneys' Eyes Only" information will be stamped "ATTORNEYS' EYES ONLY" or with a similar legend. Except as required in the conduct of proceedings in this action, "Attorneys' Eyes Only" information will not be disclosed to any person other than those referenced above in Section

II(B)(2)-(6). Documents and information so designated will be used only for the purpose of preparing and conducting this litigation and will not be used by or on behalf of any party or person to whom it is disclosed for any other purpose.

      III.      With respect to oral deposition testimony, the parties agree that any questions relating to information that a party considers to be "Confidential Information" or "Attorneys' Eyes Only" information will be so designated on the record by counsel for the party making that claim, at which point all persons other than outside counsel, the reporter and deponent, will leave the room during the questioning regarding such "Confidential Information" or "Attorneys' Eyes Only" information. The transcript of all such portions of the deposition will be sealed.

      Within thirty days of receiving a transcript or recording of a deposition, a party designating any portions of the transcript or recording as containing "Confidential Information" or "Attorneys' Eyes Only" information will notify all other parties in writing of such designation. A party receiving a transcript or recording of a deposition not containing any confidentiality designations shall treat the transcript or recording as "Attorneys' Eyes Only" for thirty days or until written designations are received, whichever occurs first. The failure by any party to designate testimony as "Confidential Information" or "Attorneys' Eyes Only" information at a deposition shall not prevent the party from designating it as such upon review of the transcript. The parties may modify this procedure by mutual agreement without further order of the Court.

      IV.      If a party wishes to file with the Court a pleading, motion, memorandum, brief, deposition transcript, discovery request or response, exhibit or other document that produces, paraphrases, summarizes, or otherwise contains any "Confidential Information" or "Attorneys' Eyes Only" information, the party filing the materials shall comply with the requirements of

D.C.Colo.LCivR 5.6 Electronic Case Filing as well as any other requirements outlined in the "Electronic Case Filing Procedures for the District of Colorado (Civil Cases)" for filing materials under seal. If a party wishes to file any document under seal, such party shall additionally comply with the requirements of D.C.Colo.LCivR 7.2 and 7.3.

V. In the event that a party desires to provide access to information identified as "Confidential Information" or "Attorneys' Eyes Only" information hereunder to any person or category of persons not included in paragraphs II.B., and II.C., it shall notify the other party fifteen calendar days in advance of such access in writing and, if the other party objects thereto, the party desiring to make disclosure can move this Court for an Order that such person or category of persons may be given access to the "Confidential Information" or "Attorneys' Eyes Only" information. In the event that the motion is granted, such person or category of persons may have access to the "Confidential Information" or "Attorneys' Eyes Only" information, provided that such person or persons have agreed in writing before such access is given to be bound by the terms of this Stipulation and Order, and such other terms as the Court may impose.

VI. All parties have the right to object to the designation of information as "Confidential Information" or "Attorneys' Eyes Only" information by providing written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential Information" or "Attorneys' Eyes Only" information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order, and, if so, what designation is appropriate. If such a motion is timely filed, namely, within seven business days after the parties conclude they cannot

resolve the objection, the disputed information shall be treated as "Confidential Information" or "Attorneys' Eyes Only" information, as designated by the disclosing party, under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential Information" or "Attorneys' Eyes Only" information and shall not thereafter be treated as "Confidential Information" or "Attorneys' Eyes Only" information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential Information" or "Attorneys' Eyes Only" information shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential Information" or "Attorneys' Eyes Only" information.

VII.   In the event that a party discovers it has inadvertently disclosed "Confidential Information" or "Attorneys' Eyes Only" information to anyone who is not authorized to receive such information pursuant to paragraphs II.B., II.C., or V, the disclosing party, except as provided in paragraph VIII, will:

A.   Immediately notify the other party, identify the person to whom the disclosure was made, and describe the specific information that was disclosed by production number or otherwise; and

B.   Immediately attempt to recover the "Confidential Information" or "Attorneys' Eyes Only" information from the person to whom the disclosure was made, including all copies of any documents or things containing or disclosing such information.

VIII.   Inadvertent production of discovery material will not itself be deemed to waive any claim of confidentiality and/or attorney-client or attorney work-product privilege that might exist with respect to such discovery material, or other documents or communications, written or oral.

A. In the event that a party discovers that it has inadvertently produced "Confidential Information" or "Attorneys' Eyes Only" information that lacks the proper confidentiality designation:

1. The disclosing party will immediately notify in writing the receiving party and describe the specific information that was disclosed by production number or otherwise;

2. The receiving party will within five business days return the identified information to the disclosing party; and

3. The disclosing party will return the properly designated information to the receiving party within five business days.

B. In the event that a party discovers that it has inadvertently produced privileged information of any kind:

1. The disclosing party will immediately notify in writing the receiving party and describe the specific information that was disclosed by production number or otherwise: and

2. The receiving party will within five business days return the identified information and not use the information for any purpose.

Nothing in this paragraph will limit the right of a party to challenge a claim of confidentiality or privilege as to any inadvertently produced information.

IX. By agreement of the parties, the terms of this Stipulated Protective Order shall apply not only to the parties themselves, but also to any non-party or third party from which any depositions or discovery are obtained.

X. No later than thirty days after the conclusion of this case, counsel for each party shall return all documents that have been marked either "Confidential Information" or "Attorneys' Eyes Only" information to the person from whom they were obtained, or arrange for their destruction. Where the parties agree to destroy "Confidential Information" or "Attorneys' Eyes Only" information, the destroying party shall provide all parties with a Declaration confirming the destruction.

SO ORDERED.

Dated November 30, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

The undersigned hereby stipulate to the above Order to be entered by the Court.

Dated:_____     By:_____
                                          Eley O. Thompson (IL #6204648)
                                          Mark J. Liss (IL #6181002)
                                          Tamara A. Miller (IL #6237169)
                                          LEYDIG, VOIT & MAYER, LTD.
                                          Two Prudential Plaza, Suite 4900
                                          180 N. Stetson Ave.
                                          Chicago, IL 60601-6731
                                          Telephone:  (312) 616-5600
                                          Facsimile:  (312) 616-5700

                                          John D. Martin, #28736
                                          MARTIN, LUBITZ & HYMAN, LLC
                                          370 Seventeenth Street, Suite 4400
                                          Denver, CO  80202
                                          Telephone: (303) 382-1200
                                          Facsimile: (303) 382-1202

                                          Attorneys for Plaintiffs/
                                          Counterclaim Defendants


Date:_____     By:_____
                                          John A. Clifford
                                          Peter A. Gergely
                                          Heather J. Kliebenstein
                                          MERCHANT & GOULD P.C.
                                          3200 IDS Center
                                          80 South Eighth Street
                                          Minneapolis, MN 55402
                                          Telephone: (612) 332-5300
                                          Facsimile: (612) 332-9081

                                          Attorneys for Defendant/
                                          Conterclaim Plaintiff

## ATTACHMENT A
## SECRECY AGREEMENT

I, _____, state:

I reside at _____.

☐ I am an employee of _____.

☐ I am engaged as _____ on behalf of

_____.

    I have read the Protective Order in the litigation between <u>Nau Holdings, LLC and Horny Toad Activewear, Inc. v. Dlorah, Inc.</u>, Civil Action No. 1:08-cv-02743-CMA, in the United States District Court for the District of Colorado.

    I am fully familiar with the Protective Order and agree to comply with and be bound by the provisions of said order. I understand that I am to retain all copies of any information designated CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY information are to be returned to counsel who provided me with such material.

    I will not divulge to persons other than those specifically authorized by said order, and will not copy or use except solely for the purposes of this litigation, any information obtained pursuant to said order, except as provided in said order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said order.

    I state under penalty or perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on _____, 2009.

                                              _____