IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02743-CMA-BNB

NAU HOLDINGS, LLC, and
HORNY TOAD ACTIVEWEAR, INC.,

Plaintiffs,

v.

DLORAH, INC.,

Defendant.

_____

# ORDER
_____

This matter arises on **Defendant Dlorah, Inc.'s Motion to Stay Order Regarding Production of Personal Identifying Information or Survey Respondents** [Doc. # 95, filed 8/5/2010] (the "Motion to Stay"), which is DENIED.

The Motion to Stay seeks to stay the effect of my Order (the "Order") requiring Dlorah to produce "unredacted copies of the survey forms prepared in connection with the market survey performed by Dr. Leon B. Kaplan. . . ." Order [Doc. # 92] at p. 2. Dlorah has filed an objection to the Order which is pending before the district judge.

Subsequently, Dlorah submitted a Status Report [Doc. # 102, filed 8/12/2010] indicating that it cannot comply with the Order because the originals and all unredacted copies of the survey forms "were discarded." Declaration of Leon Kaplan [Doc. # 102-1] at ¶4. However, at a hearing this morning, Dlorah's counsel indicated that there is one survey form--# 1105--which is redacted but from which personal identifying information might be discerned by examination.

Dlorah seeks to stay my Order pending review by the district judge arguing that (1) it is

likely to succeed on its objection; (2) Dr. Kaplan assured the survey participants that their identities would remain confidential and disclosure of identifying information contrary to that assurance would irreparably harm the survey respondents and Dr. Kaplan's professional reputation; (3) a stay will not harm the plaintiffs or the public interest.

A stay of a magistrate judge's discovery order should be granted sparingly. This is consistent with the local rules of practice of this court, which provide:

> The filing of an objection, pursuant to Fed. R. Civ. P. 72(a), to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the order is directed. Any stay of the magistrate judge's order must be sought and obtained separately by motion filed initially with the magistrate judge, and if denied, then with the assigned district court judge. The motion shall be supported by good cause.

D.C.COLO.LCivR 30.2B. The mere filing of an objection does not constitute good cause under the rule.

Allowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt. See Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75, 79 (S.D.N.Y. 1989). As the court noted in National Excess Ins. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 404 (D. N.M. 1991):

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pretrial disputes. . . . Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes.

A stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling and where a failure to render a stay could result in serious, irreversible injury to the party seeking the stay.  See Adams v. Gateway, Inc., 2004 WL 733990 *2 (D. Utah Jan. 5, 2004).  Thus, for example, a stay may be appropriate where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like.

First, I believe the likelihood that Dlorah will prevail on its objection is remote.  The plaintiffs have produced evidence indicating that the responses to the survey were altered.  Under these facts, discovery addressed to the reliability of the study is relevant to issues in the case or may lead to the discovery of admissible evidence, and is appropriate.

Second, there is no threat of irreparable harm.  A market surveyor's promise of confidentiality is not binding on the court; disclosure of the identity of a survey participant is not similar to the disclosure of a privileged communication or trade secret; and, under the evidence of tampering present here, is not worthy of enforcement.  Dlorah argues that the survey respondents will suffer unspecified irreparable harm.  The only harm I can foresee is an unsolicited telephone call from the plaintiffs, their counsel, or their investigators.  That is hardly irreparable.  The possible harm to Dr. Kaplan's reputation is overridden by the evidence of survey tampering and the need to address the reliability of the survey.

Finally, although Dlorah argues that there will be no harm to the plaintiffs or the public, I disagree.  This case has been on file for eighteen months.  An otherwise unwarranted stay of this discovery will further delay the completion of expert disclosures, the completion of discovery, and the final preparation of the case for trial.  Such an unnecessary delay is injurious to the

plaintiffs; to the public's interest in the efficient operation of the courts; and to the court's efforts to achieve the objectives of Rule 1, Fed. R. Civ. P.

IT IS ORDERED that the Motion to Stay is DENIED. Dlorah shall comply with my Order [Doc. # 92], to the extent responsive documents exist, on or before **September 7, 2010**.

Dated August 20, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge